673 S.E.2d 432

**In the Matter of Charles N. PEARMAN, Respondent.**

**No. 26599.**

Supreme Court of South Carolina.

Submitted Dec. 29, 2008.

Decided Feb. 9, 2009.

Attorney General Henry D. McMaster and James G. Bogle, Jr., Senior Assistant Attorney General, both of Columbia, for Special Prosecutor.

Michael J. Virzi, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Special Prosecutor have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits

misconduct and consents to the imposition of a definite suspension not to exceed two (2) years. *See* Rule 7(b), RLDE, Rule 413, SCACR. Respondent requests the suspension be made retroactive to the date of his interim suspension.[1] We accept the Agreement and impose a definite suspension of two (2) years. Because of the serious nature of respondent's misconduct, we deny respondent's request to make the suspension retroactive to the date of his interim suspension. The facts, as set forth in the Agreement, are as follows.

### FACTS

On or about November 2, 2006, respondent was arrested in Richland County for the crime of soliciting prostitution in violation of S.C.Code Ann. § 16–15–90 and § 16–15–100 (2003). The warrant alleged respondent met with an undercover South Carolina Law Enforcement Division (SLED) agent posing as a prostitute and solicited the undercover agent for sex.

As a result of the same occurrences, respondent was also arrested on November 2, 2006 in Richland County for impersonating a law enforcement agent in violation of S.C.Code Ann. § 16–17–720 (2003). The warrant alleged that, during the encounter with the undercover SLED agent who was posing as a prostitute, respondent verbally identified himself as a SLED agent by presenting a badge and stating he was a SLED agent. At the time of the arrests, respondent was employed on a full-time basis as an attorney with the Office of Disciplinary Counsel and the badge he presented to the undercover SLED agent was his Disciplinary Counsel badge.

Respondent admits that, during his conversation with the undercover SLED agent, he made statements that she reasonably understood to be soliciting prostitution, even though he did not offer money but, instead, used words that reasonably represented an arrangement had been made by respondent's friend in the escort service business which would allow for sexual activity without payment. Respondent also acknowledges that, during the encounter with the undercover SLED agent, he stated he had overheard information regarding investigations into prostitution activity while he was at SLED

---

1. On November 3, 2006, respondent was placed on interim suspension. *In the Matter of Pearman*, 371 S.C. 19, 637 S.E.2d 309 (2006).

and stated that he might be able to provide information regarding future prostitution investigations. Respondent admits that the statements concerning his ability to inform about future prostitution investigations were false; the Special Prosecutor has no evidence to establish otherwise. Respondent further admits that, during the exchange with the undercover SLED agent, he identified himself as a "SLED agent" and, upon her inquiry as to what "SLED" meant, he responded "State Law Enforcement Division" or words to that effect.

The responsibility for prosecuting respondent for these crimes was transferred to the Solicitor's Office of the Sixth Judicial Circuit. Respondent was allowed to enter the Pre-Trial Intervention Program and he completed that program on or about September 8, 2008.

## LAW

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (lawyer shall not violate the oath of office taken upon admission to practice law in this State). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (it is professional misconduct for lawyer to commit a criminal act involving moral turpitude); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice); and Rule 8.4(f) (it is professional misconduct for lawyer to state or imply an ability to influence improperly a

government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a definite suspension of two (2) years. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.